IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporation Excise Tax

THE WARRANTY GROUP, INC &
SUBSIDIARIES,

    Plaintiff,

    v.

DEPARTMENT OF REVENUE,
State of Oregon,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

TC-MD 160024N

**ORDER**

This matter is before court on Defendant's Motion to Determine Qualification of

Taxpayer Representative (Motion), filed on February 24, 2016, asking the court to determine that

Plaintiff's representatives lack authority to appear as taxpayer representatives in the Magistrate

Division.

Plaintiff filed its Complaint on January 22, 2016, appealing Defendant's Conference

Decision Letter dated October 22, 2015. Filed contemporaneously with Plaintiff's Complaint

were two completed Authorization to Represent forms of the type the Magistrate Division makes

available to the public. The forms identified Christopher J. Hallstrom (Hallstrom) and Mark L.

Nachbar (Nachbar) as authorized representatives for Plaintiff. Hallstrom's form stated that he is

a "certified public accountant" (CPA) and Nachbar's form stated that he is an "attorney." Both

Hallstrom and Nachbar indicated on their respective forms that they were a "person with power

of attorney from the party being represented," and both forms were signed by "Laurie Hubbard,

Sr. VP" on behalf of Plaintiff.

In its Motion, Defendant challenged the authority of Hallstrom and Nachbar to represent

Plaintiff because neither is licensed to practice their respective professions (accountancy and

law) in Oregon. Neither Representative has alleged that he is in fact licensed to practice in Oregon.

Plaintiff filed its Response to Department's Motion to Determine Qualification of Taxpayer Representatives on March 24, 2016, arguing that Hallstrom and Nachbar are lawfully authorized to represent Plaintiff in this appeal because they each have a power of attorney from Plaintiff. Defendant filed its Reply to Plaintiff's Response to Department's Motion to Determine Qualification of Taxpayer Representatives on March 31, 2016. This matter is now ready for the court's determination.

Defendant argues that ORS 305.230 and Tax Court Rule-Magistrate Division (TCR-MD)1 E do not provide Hallstrom, an out-of-state attorney, and Nachbar, an out-of-state CPA, with the authority to appear as taxpayer representatives in the Magistrate Division.[1] ORS 305.230 provides, in relevant part:

"(1) Notwithstanding ORS 9.320:[2]

(a) Any person who is qualified to practice law or public accountancy in this state, any person who has been granted active enrollment to practice before the Internal Revenue Service and who is qualified to prepare tax returns in this state or any person who is the authorized employee of a taxpayer and is regularly employed by the taxpayer in tax matters may represent the taxpayer before a tax court magistrate or the Department of Revenue in any conference or proceeding with respect to the administration of any tax.

(b) Any person who is licensed by the State Board of Tax Practitioners or who is exempt from such licensing requirement as provided for and limited by ORS 673.610 may represent a taxpayer before a tax court magistrate or the department

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[2] ORS 9.320 provides:

"Any action, suit, or proceeding may be prosecuted or defended by a party in person, or by attorney, except that the state or a party that is not a natural person appears by attorney in all cases, unless otherwise specifically provided by law. Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party, except as provided in ORS 9.310."

in any conference or proceeding with respect to the administration of any tax on or measured by net income.

* * * * *

(g) Any person authorized under rules adopted by the tax court may represent a taxpayer in a proceeding before a tax court magistrate."

Defendant argues that because ORS 305.230(1)(a) requires attorneys and public accountants to be "qualified to practice in this state," the statute necessarily "implies that attorneys and public accountants not so qualified may not represent taxpayers, unless they come within some other express statutory exception." (Def's Mot at 1-2.) Defendant acknowledges that one such exception appears in ORS 305.230(1)(g), which allows "[a]ny person authorized under rules adopted by the tax court [to] represent a taxpayer in a proceeding before a tax court magistrate." However, Defendant maintains, this court's authority to adopt rules under that subsection is constrained by "the legislature's directive that an attorney or public accountant be "qualified to practice * * * in this state." (*Id.* at 1.) Consequently, Defendant argues, TCR-MD 1 E(1)(b)(vi), which authorizes "[a] person with power of attorney" to appear in the Magistrate Division, cannot be used to circumvent the statutory requirement that attorneys and public accountants be licensed to practice in Oregon. Thus, under Defendant's interpretation of ORS 305.230, Hallstrom and Nachbar are prohibited from representing Plaintiff in this matter because they are not licensed to practice their professions in Oregon; moreover, they cannot rely on a power of attorney pursuant to TCR-MD 1 E(1)(b)(vi) to avoid the licensing requirement.

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (citing ORS 174.020). Legislative intent is determined first from the text and context of the statute. *Id*. at 610–611; *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a

statutory provision * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder 'not to insert what has been omitted, or to omit what has been inserted.' " *PGE*, 317 Or at 611 (citing ORS 174.010). "[T]he context of the statutory provision at issue * * * includes other provisions of the same statute and other related statutes[.]" *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

Defendant's argument begins with the premise that ORS 305.230(1)(a) contains a general prohibition on out-of-state attorneys and CPAs representing taxpayers before the Magistrate Division. The court does not find any such prohibition in either the text or context of ORS 305.230.

To begin with, ORS 305.230(1)(a) does not expressly prohibit out-of-state attorneys or CPAs from appearing as representatives in the Magistrate Division; it permits in-state attorneys and CPAs (along with IRS enrolled agents qualified to prepare returns in this state and "tax matters" employees) to represent taxpayers in *any* appeal before the Magistrate Division and the Department of Revenue. Additionally, ORS 305.230 provides a number of other exceptions to ORS 9.320's prohibition on non-attorney representation, and Defendant acknowledges that an out-of-state attorney or CPA may appear in the Magistrate Division pursuant to one of those exceptions. *See, e.g.,* ORS 305.230(1)(c) (authorizing shareholder of an S corporation); *see also Siemens USA Holdings & Consol. Subsidiaries v. Dep't of Revenue*, TC-MD 060211A, WL 2095707, at *1 (July 27, 2006) (concluding that tax matters employee could appear in that capacity, regardless of the fact that he was an out-of-state attorney).

Most relevant to this issue is the exception found in ORS 305.230(1)(b), which authorizes "[a]ny person who is licensed by the State Board of Tax Practitioners or *who is exempt from such*

*licensing requirement as provided for and limited by ORS 673.610*" to represent taxpayers before

the Magistrate Division in an appeal regarding "any tax on or measured by net income."

(Emphasis added.) ORS 673.610 exempts certain classes of persons from the licensing

requirements for tax consultants and tax preparers contained in ORS 673.605 through 673.740.

Relevant here, ORS 673.610(2) exempts "[a]ny attorney at law rendering services in the

performance of an attorney at law." ORS 673.610(4) exempts "[a] public accountant who holds

an active permit issued by any state[.]" Accordingly, any "attorney at law rendering services in

the performance of an attorney at law" or a "public accountant who holds an active permit issued

by any state" is expressly authorized to represent a taxpayer in the Magistrate Division, provided

the appeal concerns a tax on or measured by net income. The court cannot square that express

authorization directed at "any attorney" and CPAs licensed in "any state," with Defendant's

assertion that ORS 305.230(1)(a) implicitly prohibits out-of-state attorneys and CPAs from

representing taxpayers in appeals like the one before the court.

ORS 305.230(1)(b) by itself may provide Hallstrom and Nachbar with the authority to

represent Plaintiff in this matter. Plaintiff's appeal concerns Oregon's corporation excise tax,

which is "a tax measured by or according to net income." ORS 317.010(5). Assuming

Defendant is correct that Hallstrom is a CPA licensed in another state, then ORS 305.230(1)(b)

provides him with the authority to represent Plaintiff before the Magistrate Division and the

Department of Revenue.[3] With respect to Nachbar, it is unclear to the court whether he is an

attorney at law rendering services to his client, Plaintiff, or whether he is an employee of Ryan

LLC who also happens to be an attorney. The court has doubts that the latter scenario fits within

---

[3] A review of Plaintiff's Complaint reveals that Hallstrom represented Plaintiff at the Department of Revenue conference that preceded this appeal. (Compl, Ex B at 1.) Why Defendant did not challenge Hallstrom's authority to appear in that proceeding, but challenges his authority to appear in this proceeding, is unclear.

the exception contemplated by ORS 673.610(2). Consequently, the court will examine whether Nachbar or Hallstrom can appear in this court pursuant to a power of attorney under TCR-MD 1 E(1)(b)(vi) and ORS 305.230(1)(g).

As discussed above, the court does not share Defendant's view that ORS 305.230(1)(a) evinces the legislature's intent to prohibit out-of-state attorneys and CPAs from representing taxpayers in the Magistrate Division. Accordingly, the court does not construe its authority to adopt rules under ORS 305.230(1)(g) to be limited by that supposed prohibition. When read together, ORS 305.230(1)(a) through (e) provides a floor for the classes of representatives that must be allowed to appear in the Magistrate Division and the Department of Revenue. ORS 305.230(1)(g) provides the court with additional authority to adopt rules allowing "[a]ny person" to represent taxpayers in a proceeding before a magistrate. The court's broad authority in this area is consistent with its authority under ORS 305.501(4)(a), which provides in relevant part:

> "Subject to the rules of practice and procedure established by the tax court, a magistrate is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice."

Pursuant to its authority to adopt rules for taxpayer representation, this court adopted TCR-MD 1 E(1)(b)(vi), which allows a "person with power of attorney" to represent taxpayers in the Magistrate Division. Both Hallstrom and Nachbar indicated on their Authorization to Represent forms that they were a "person with power of attorney" from Plaintiff. Each form was signed by an officer of Plaintiff. The court is therefore satisfied that Nachbar and Halllstrom are qualified to represent Plaintiff under TCR-MD 1 E(1)(b)(vi). Defendant's Motion for an order determining that Hallstrom and Nachbar lack authority to represent Plaintiff is denied. Now, therefore,

IT IS ORDERED that Defendant's Motion is denied.

IT IS FURTHER ORDERED that, within 14 days of the date of this Order, the parties must file a joint written status report proposing three mutually agreeable trial dates or a written briefing schedule.

Dated this ＿＿ day of April 2016.


_____
ALLISON R. BOOMER
MAGISTRATE

*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was filed and entered on April 28, 2016.*